UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARLENE MARIE PILARSKI,

                      Plaintiff,

                                                          Case # 13-CV-6385-FPG

v.

                                                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

Darlene Marie Pilarski ("Claimant") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Social Security Disability Insurance Benefits ("DIB"). Dkt. # 1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g).

Currently before the Court are the parties' competing Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. ## 7, 9. For the reasons set forth below, I find that the decision of the Commissioner is not in accordance with applicable legal standards, and accordingly, the Claimant's Motion for Judgment on the Pleadings is granted, and this matter is remanded to the Commissioner of Social Security for further administrative proceedings.

BACKGROUND

Claimant applied for DIB on December 1, 2009, alleging that she had been disabled within the meaning of the Act since December 31, 2007. After her application was denied at the initial administrative level on April 28, 2010, a hearing was held before Administrative Law Judge Edgardo Rogriquez-Quilichini ("the ALJ") on October 27, 2011, where the ALJ presided by videoconference. The Claimant was represented by the same counsel who represents her in this action. On November 25, 2011, the ALJ issued his decision, finding that the Claimant was

not disabled within the meaning of the Act. That decision became the final decision of the Commissioner when the Appeals Council denied Claimant's request for review on May 28, 2013. The Claimant then timely commenced this action, seeking review of the Commissioner's final decision.

## DISCUSSION

This Court's review of the Commissioner's decision is not *de novo*, and I may only set aside the Commissioner's decision if it is not supported by "substantial evidence" or is the product of legal error. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (quoting *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)); *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). Indeed, the Act holds that a decision by the Commissioner is "conclusive" if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)) (internal quotation marks omitted).

In this case, I need not discuss all of the underlying medical claims made by the Claimant, or the evidence adduced in the prior proceedings that could arguably provide substantial evidence to affirm the Commissioner's decision, as the Court is able to determine this matter based upon whether the ALJ properly applied the relevant legal standards in reaching his conclusion.

Claimant argues that the ALJ violated the so-called "treating-physician rule," which is "a series of regulations set forth by the Commissioner…detailing the weight to be accorded a treating physician's opinion." *de Roman v. Barnhart*, No. 03 Civ. 0075(RCC)(AJP), 2003 WL

2

21511160, at *9 (S.D.N.Y. July 2, 2003)[1]. In doing so, she argues that the Commissioner's decision is the product of legal error. With the standards described above in mind, and for the reasons that follow, I find that the Commissioner's decision contains legal error, and therefore remand is required.

Under the treating physician rule, the ALJ must give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green–Younger v. Barnhart*, 335 F.3d 99 (2d Cir. 2003). While an ALJ may discount a treating physician's opinion if it does not meet this standard, the ALJ must "comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion." *Halloran*, 362 F.3d at 33.

Even when a treating physician's opinion is not given "controlling" weight, the ALJ must still consider several factors in determining how much weight it should receive. The ALJ must consider, *inter alia*, the "[l]ength of the treatment relationship and the frequency of examination"; the "[n]ature and extent of the treatment relationship"; the "relevant evidence ... , particularly medical signs and laboratory findings," supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues. *See Burgess*, 537 F.3d at 129.

Here, the ALJ's statement of reasons to support his decision to not assign controlling weight to the opinions of Dr. Chen, the Claimant's treating physician, is not sufficient[2]. Dr.

---

[1] Claimant advances other arguments that she believes require reversal of the Commissioner's decision. However, since I dispose of this matter based on the treating-physician rule, I need not reach those arguments.

[2] Dr. Chen's opinion, if it had been given controlling weight by the ALJ, would have likely resulted in a determination that the Claimant was disabled.

Chen is not mentioned in the ALJ's decision until page 7 of 9, and the following is the most substantial discussion regarding Dr. Chen in the ALJ's decision[3]:

> "Conversely, I have afforded little weight to the opinion provided by Dr. Ya Li Chen through the Arthritis RFC Questionnaire (Exhibit 12F). Dr. Chen reported extreme limitations which are not substantiated by any evidence in file. Although claimant's diagnoses, inflammatory arthritis, fibromyalgia, and spondylitis, are consistent with the rest of the case record, other symptomatology and limitations are not explained nor supported by any treatment notes. In addition, other examining source [sic] that I have given great weight found and reported lesser limitations which are consistent with the record as a whole. Thus, it appears that Dr. Chen's opinion is based upon claimant's subjective complaints. Therefore, in the absence of any other evidence in [sic] file supporting Dr. Chen's assessments, I conclude that this opinion is less than persuasive."

This reasoning is quite generic[4], does not specify the ALJ's reasoning with any detail, and does not discuss the factors previously mentioned. This lack of reasoning not only hampers the Claimant's ability to understand the ALJ's decision, it hampers this Court's ability to review the merits and evidence regarding the ALJ's underlying decision. For example, the ALJ states that "other symptomatology and limitations are not explained nor supported by any treatment notes." Rather than providing the requisite 'good reasons' to deviate from the treating physician rule, this statement instead leaves the reader only with more questions. What symptomatology did the ALJ find problematic? Which limitations did the ALJ find to be unsupported? These are undoubtedly important questions, and without providing the requisite 'good reasons,' I cannot find that the ALJ's decision to deviate from the treating physician rule was based upon application of the proper legal standards.

---

[3] The ALJ makes an additional reference to Dr. Chen on page 8 of his decision, stating that "even Dr. Chen's opinion in Exhibit 14F is consistent with the conclusions reached in this decision, since the claimant is not able to perform her past relevant work as home caregiver."

[4] I would also note that the ALJ never refers to Dr. Chen as the Claimant's treating physician in his opinion. There is no doubt that Dr. Chen is the Claimant's treating physician, as both the Claimant and the Commissioner refer to Dr. Chen as such in their respective Motions for Judgment on the Pleadings.

The Second Circuit has noted that it will "not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and ... will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran*, 362 F.3d at 33. To be clear, it is entirely possible that Dr. Chen's opinions are not entitled to controlling weight, and on remand, the ALJ is free to conclude as such if the record evidence supports that conclusion. However, I would point out that if the ALJ again determines that Dr. Chen's assessments should be rejected, he must provide 'good reasons' for that conclusion by reference to the aforementioned factors, as the Second Circuit requires. Abiding by this requirement may require seeking additional information, to the extent it is available, from Dr. Chen. *See, e.g., Correale–Englehart v. Astrue*, 687 F. Supp. 2d 396, 428 (S.D.N.Y. 2010) ("If the ALJ is not able to fully credit a treating physician's opinion because the medical records from the physician are incomplete or do not contain detailed support for the opinions expressed, the ALJ is obligated to request such missing information from the physician."); *Cabassa v. Astrue*, No. 11–CV–1449 (KAM), 2012 WL 2202951, at *10 (E.D.N.Y. June 13, 2012) ("[I]f an ALJ believes that a treating physician's opinion lacks support or is internally inconsistent, he may not discredit the opinion on this basis but must affirmatively seek out clarifying information from the doctor.").

As previously stated, the regulations provide that the Commissioner will "always give good reasons ... for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(c)(2). The reasons provided here do not meet that standard, and therefore, remand for further consideration of Dr. Chen's opinion is required. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (failure to satisfy treating-physician rule constitutes legal error, and "ordinarily requires remand to the ALJ for consideration of the improperly excluded evidence"); *Webb v. Colvin*, No. 12-CV-753S, 2013 WL 5347563, at *6 (W.D.N.Y. Sept. 23, 2013) (remanding

where ALJ rejected treating source's opinion with the terse explanation that it was "not supported by treatment notes or the objective medical evidence of record").

Finally, I note that in her Motion for Judgment on the Pleadings, the Commissioner has attempted to demonstrate that record evidence indeed exists to support the ALJ's decision to discount her treating physician's opinion, and the Commissioner has presented her view of possible justifications that the ALJ could have utilized. However, the justifications advanced now by the Commissioner are simply not present in the ALJ's decision, and the Commissioner may not substitute his own rationale when the ALJ has failed to provide one. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the Commissioner's Motion for Judgment on the Pleadings (Dkt. # 7) is DENIED, the Claimant's Motion for Judgment on the Pleadings (Dkt. # 9) is GRANTED, and this matter is REMANDED to the Commissioner of Social Security for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Raitport v. Callahan*, 183 F.3d 101, 103–05 (2d Cir. 1999). The Clerk of the Court is directed to enter judgment, and to close this case.

IT IS SO ORDERED.

DATED:     September 30, 2014
           Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge